UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAN G. BREWER,<br><br>                    Petitioner,<br><br>   v.<br><br>PAT GLEBE,<br><br>                    Respondent. | No. C10-5455 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  December 10, 2010** |

Petitioner Alan G. Brewer seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4.  Mr. Brewer seeks to challenge his 2006 convictions for possession and manufacture of a controlled substance.  ECF 1. Respondent filed an answer and submitted relevant portions of the State court record.  Dkts. 10 and 11.

Upon review, it is the court's recommendation that Mr. Brewer's petition be dismissed with prejudice as his claims are unexhausted and he is procedurally barred from filing a personal restraint petition in the Washington State courts because his claims are time-barred.

REPORT AND RECOMMENDATION - 1

**PROCEDURAL HISTORY**

A jury convicted Mr. Brewer of possession of a controlled substance (methamphetamine), manufacture of a controlled substance (methamphetamine), and possession of ephedrine or pseudoephedrine with intent to manufacture methamphetamine.  He was sentenced to 134 months of confinement and 9 to 12 months of community custody.  *Id.* at 6-7.

Through counsel Mr. Brewer appealed to the Washington Court of Appeals.  ECF No. 11, Exh. 4.  The court denied his appeal in a Part Published Opinion.  *Id.*, Exh. 3.  Through counsel, Mr. Brewer petitioned for review in the state's highest court.  *Id.*, Exh. 6.  The Washington Supreme Court denied review without comment on July 8, 2009.  *Id.*, Exh. 7.  The Court of Appeals issued its mandate on August 3, 2009.  *Id.*, Exh. 8.

According to Respondent, the superior court docket for Clark County Cause No. 06-1-01605-0 reflects that Mr. Brewer or his defense counsel filed a motion to modify the judgment and sentence on June 11, 2010.  But the superior court took no action on it.  Mr. Brewer has filed no other petitions for post-conviction relief.  ECF No. 10, pp. 4-5.

**ISSUE PRESENTED**

Mr. Brewer presents the following five grounds for federal habeas relief, which are summarized as follows:

1)      Ineffective assistance of appellate counsel.  Appellate counsel argued a losing battle based on double jeopardy, but the charges against Petitioner were never the "same offense."  Over Petitioner's objection, counsel made that argument anyway.

2)      Ineffective assistance of appellate counsel.  Appellate counsel should have raised the issue of illegal search and seizure, rather than the double jeopardy issue.

3)      Illegal search and seizure.  The warrant erroneously stated that the shed was part of the mobile home.  The officers seized items from the shed with no

REPORT AND RECOMMENDATION - 2

attachment or affidavit to the warrant that allowed them to search places that were not connected to the house.

4)      Time bar.  Petitioner cannot be time-barred because the mandate in the state court direct appeal was issued on July 8, 2009.

5)      Successive petition bar.  Petitioner's issues have never been raised before or determined on the merits and thus cannot be barred as successive.

ECF No. 1, pp. 5, 7, 8, 11.

## EVIDENTIARY HEARING

In a proceeding instituted by the filing of a federal habeas corpus petition by a person in custody pursuant to a judgment of a state court, the "determination of a factual issue" made by that court "shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  Under 28 U.S.C. § 2254(e)(1), the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  *Id.*

Where a petitioner "has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court," an evidentiary hearing in federal court will not be precluded.  *Baja v. Ducharme*, 187 F.3d 1075, 1078-79 (9th Cir. 1999) (quoting *Cardwell v. Greene*, 152 F.3d 331, 337 (4th Cir. 1998)).  On the other hand, if the petitioner fails to develop "the factual basis of a claim" in the state court proceedings, an evidentiary hearing on that claim shall not be held, unless the petitioner shows:

(A)      the claim relies on--

(i)      a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii)      a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B)      the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder

REPORT AND RECOMMENDATION - 3

would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2254(e)(2).

An evidentiary hearing "is required when the petitioner's allegations, if proven, would establish the right to relief." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998).  It "is not required on issues that can be resolved by reference to the state court record." *Id*.  As the Ninth Circuit has stated, "[i]t is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." *Id*.; *United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986) (evidentiary hearing not required if motion, files and records of case conclusively show petitioner is entitled to no relief) (quoting 28 U.S.C. § 2255).

In this case, there is no indication that an evidentiary hearing would in any way shed new light on the grounds for federal habeas corpus relief raised in his petition.  *See Totten*, 137 F.2d at 1177.  The question of whether Mr. Brewer has properly exhausted his claims for relief is a legal question that may be resolved by reference to the record before this Court.  Accordingly, the court finds that an evidentiary hearing is not required.

## STANDARD OF REVIEW

This court's review of the merits of Mr. Brewer's claims is governed by 28 U.S.C. §2254(d)(1).  Under that standard, the court cannot grant a writ of habeas corpus unless a petitioner demonstrates that he is in custody in violation of federal law and that the highest state court decision rejecting his ground was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(c) and (d)(1).  The Supreme Court holdings at the time of the state court decision will provide the "definitive source of clearly established federal law." *Van*

REPORT AND RECOMMENDATION - 4

*Tran v. Lindsey*, 212 F.3d 1143, 1154 (9th Cir. 2000), overruled in part on other grounds by

*Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).   A determination of

a factual issue by a state court shall be presumed correct, and the applicant has the burden of

rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C.

§2254(e)(1).

The court "is limited to deciding whether a conviction violated the Constitution, laws, or

treaties of the United States." *Id.* at 68; see also *Smith v. Phillips*, 455 U.S. 209, 221 (1982)

("Federal courts hold no supervisory authority over state judicial proceedings and may intervene

only to correct wrongs of constitutional dimension.").  In addition, for federal habeas corpus

relief to be granted, the constitutional error must have had a "substantial and injurious effect or

influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)

(citation omitted).

## DISCUSSION

Respondent contends that Mr. Brewer's issues were not fairly presented to the

Washington state courts and that he is now procedurally barred.  The undersigned agrees.

### A.      Exhaustion of State Court Remedies

Section 2254(b)(1) provides that a habeas petition must be denied if the petitioner failed

to exhaust his state court remedies.  28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364,

365-66 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

A petitioner must exhaust state remedies before seeking a federal writ of habeas corpus.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The petitioner must give the state court a fair

opportunity to correct the alleged violation of federal rights.  *Duncan*, 513 U.S. at 365.  "To

provide the State with the necessary 'opportunity,' the prisoner must  'fairly present' his claim

REPORT AND RECOMMENDATION - 5

in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29. The petitioner must "fairly" present the claim to the state's highest court so as to give the state court a fair opportunity to apply federal law to the facts. *Picard*, 404 U.S. at 276-78; *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). The petitioner bears the burden to prove that a claim is properly exhausted. *Lambrix v. Singletary*, 520 U.S. 518, 523-24 (1997).

Petitioners must alert state courts "to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Vague references to broad constitutional principles such as due process do not satisfy the exhaustion requirement. *Id.*; *Johnson v. Zenon*, 88 F.3d 828, 830-31 (9th Cir. 1996); *Hiivala v. Wood*, 195 F.3d 1098, 1106-07 (9th Cir. 1999); *Peterson v. Lampert*, 319 F.3d 1153 (9th Cir. 2003) (en banc). Presenting a state law claim does not fairly present a federal claim to the state courts, even if the legal theory underlying the state law claim is the "same" or "similar" to a claim under federal law. *Duncan*, 513 U.S. at 365-66; *Hiivala*, 195 F.3d at 1106-07; *Casey v. Moore,* 386 F.3d 896, 911-14 (9th Cir. 2004).

In addition to the requirement that the petitioner specifically present the federal claim to the state court, the petitioner must also "fairly" present the claim in a procedural context where the state court is likely to consider the merits of the federal claim. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994); *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992).

REPORT AND RECOMMENDATION - 6

Where a claim has been presented *for the first and only time in a procedural context where the merits of the claim will not be considered* unless there are special and important reasons therefore, the claim has not been fairly presented to the state court and therefore, the claim is not properly exhausted. *Castille,* 489 U.S. at 351 [emphasis added]. In other words, where the petitioner raises the federal claim for the first and only time in a petition seeking discretionary review, such as a petition for review to the Washington Supreme Court, the claim has not been fairly presented to the state courts. *Casey v. Moore*, 386 F.3d at 915-18.

When Mr. Brewer filed his direct appeal in the state court, he did not raise his first two claims regarding ineffective assistance of counsel. *See* ECF No. 11, Exhs 4 and 6. He raised his third claim (regarding illegal search and seizure of the shed), in the Washington Court of Appeals on direct appeal, but he abandoned the claim in the Washington Supreme Court. *See* ECF No. 11, Exhs. 4 and 6. And, he failed to raise his last two claims at all in state court.

Because well-settled state law bars petitioners from renewing issues that were raised and rejected on direct appeal, Mr. Brewer's unexhausted claim three is procedurally barred in state court. *In re Taylor*, 105 Wn.2d 683, 687-88 (1986) (*citing In re Haverty*, 101 Wn.2d 498, 681 P.2d 835 (1984) and *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) (an issue is previously heard and determined if the same ground presented was determined adversely to the petitioner, the prior determination was on the merits, and the ends of justice would not be served by reaching the merits of the subsequent petition). Likewise, because of the state statute of limitations, all of Mr. Brewer's claims are procedurally barred in state court under RCW 10.73.090 and RAP 16.4(d). Consequently, he would be unable now to exhaust his federal claims in state court.

REPORT AND RECOMMENDATION - 7

1    If a petitioner fails to obey state procedural rules, the state court may decline review of a

2    claim based on that procedural default.  *Wainwright v. Sykes*, 433 U.S. 72 (1977). State

3    procedural rules serve an important interest in finality of judgment, and significant harm may

4    result if the federal courts fail to respect those rules.  *Coleman v. Thompson*, 501 U.S. 722, 731-

5    32 (1991).  If the state court clearly and expressly states that its judgment rests on a state

6    procedural bar, the petitioner is barred from asserting the same claim in a federal habeas corpus

7    proceeding.  *Harris v. Reed*, 489 U.S. 255, 263 (1989).  A claim is also barred, despite the

8    absence of a "plain statement," where the petitioner failed to exhaust state remedies and the state

9    courts would now find the claim to be procedurally barred.  *Coleman*, 501 U.S. at 735 n.1.

10   In all cases in which a state offender has defaulted his federal claims in state court, federal

11   habeas review of the claims is barred unless the offender can demonstrate either (1) cause for the

12   default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure

13   to consider the claims will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at

14   750.

15        Under Washington law, a defendant may not relitigate a claim that was raised and

16   rejected on direct appeal.  Because Mr. Brewer raised claim three on direct appeal and it was

17   rejected, that claim is now barred in state court.  *See,* ECF No. 11, Exh. 4, pp. 12-16.  Because

18   Mr. Brewer did not raise his other claims in state court before the running of the state statute of

19   limitations, they are also procedurally barred under Washington law.  Because the claims are

20   barred under state law, the claims are not cognizable in a federal habeas corpus petition absent a

21   showing of cause and prejudice or actual innocence.[1]

---

[1] On page 13 of his habeas petition, Mr. Brewer claims that something is still pending in the trial court.  However, the docket reflects only that Mr. Brewer filed a motion to modify the judgment and sentence on June 11, 2010, and

REPORT AND RECOMMENDATION - 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**B.     Time-Barred Under Washington Law**

If a petitioner fails to obey state procedural rules, the state court may decline review of a claim based on that procedural default.  *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).  If the state court clearly and expressly states that its judgment rests on a state procedural bar, the petitioner is barred from asserting the same claim in a habeas proceeding.  *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Noltie v. Peterson*, 9 F.3d 802, 805 (9th Cir. 1993); *Shumway v. Payne*, 223 F.3d 982 (9th Cir. 2000).  A claim is also barred, despite the absence of a "plain statement" by the state court, where the petitioner failed to present the claim to the state court, and the state courts would now find the claim to be barred under state law if the petitioner attempted to now exhaust the claim.  *Coleman*, 501 U.S. at 735 n.1; *Noltie*, 9 F.3d at 805.

Washington law bars a defendant from filing a personal restraint petition more than one year after the defendant's judgment and sentence becomes final.  RCW 10.73.090.  Mr. Brewer's judgment and sentence became final for purposes of the state time bar when the Washington Court of Appeals issued the mandate on August 3, 2009.  ECF 23, Exh. 13; RCW 10.73.090(3)(b).  As it is now more than one year since the mandate issued, Mr. Brewer is time barred from attempting to present his federal claims to the Washington courts.

Unless it would result in a "fundamental miscarriage of justice", a petitioner who procedurally defaults may receive review of the defaulted claims only if he demonstrates "cause" for his procedural default and "actual prejudice" stemming from the alleged errors.  *Coleman v. Thompson*, 501 U.S. at 750.  The petitioner must show an objective factor actually caused the failure to properly exhaust a claim.  "The fact that [a petitioner] did not present an available

the trial court declined to note it for a hearing.  (*See* Defendant's Motion to Modify Judgment and Sentence at ECF No. 12-1, pp. 2-17).

REPORT AND RECOMMENDATION - 9

claim or that he chose to pursue other claims does not establish cause." *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th Cir. 1996).  Interference by state officials, the unavailability of the legal or factual basis for a claim, or constitutionally ineffective assistance of counsel may constitute cause.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  However, allegations of ineffective assistance of counsel in post-conviction collateral proceedings do not excuse a procedural default.  *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987); *Ortiz v. Stewart*, 149 F.3d 923 (9th Cir. 1998); *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998); *Gallego v. McDaniel*, 124 F.3d 1065, 1078 (9th Cir. 1997); *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996); *Moran v. McDaniel*, 80 F.3d 1261, 1271 (9th Cir. 1996).  Even a petitioner's own inadequacies do not excuse a procedural default.  *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-09 (9th Cir. 1986); *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991).  In order for an allegation to constitute cause to excuse a procedural default, the petitioner must exhaust the allegation in state court.  *Edwards v. Carpenter*, 529 U.S. 446, 450-53 (2000); *Bonin v. Calderon*, 77 F.3d 1155, 1159 (9th Cir. 1996).

Mr. Brewer fails to show cause and prejudice.  He raised one claim on a federal constitutional basis in the Washington Court of Appeals but did not pursue that claim in the Washington Supreme Court.  He never raised his other claims at all.  His failure to do so does not demonstrate cause to excuse his procedural default.

Mr. Brewer argues that because he presented both exhausted and unexhausted claims within his petition, his petition is a "mixed petition," and, therefore, the court may allow him to return to state court to exhaust his unexhausted claims or direct him to amend his petition to include only the exhausted claims.  ECF No. 13, p. 3.  When he filed his petition in this court on June 28, 2010, he also filed a Motion Requesting a Stay of Abeyance, in which he identifies

REPORT AND RECOMMENDATION - 10

1     "issues two through five" as the issues waiting to be resolved throughout the state courts.  ECF

2     No. 2.

3            In *Rose v. Lundy*, 455 U.S. 509, 520-522 (1982), the Court held the mixed federal habeas

4     corpus petition, presenting both exhausted and unexhausted claims, must be dismissed without

5     prejudice.  The prisoner who "decides to proceed only with his exhausted claims and deliberately

6     sets aside his unexhausted claims risks dismissal of subsequent federal petitions."  *Id.* at 521.

7     However, the United States Supreme Court has ratified an alternative to dismissal, the issuance

8     of a stay to hold the petition in abeyance pending exhaustion of claims in the mixed petition.

9     *Rhines v. Weber*, 544 U.S. 269 (2005).  If the petitioner chooses to dismiss the unexhausted

10    claims, the Ninth Circuit ruled the "district court must consider the alternative of staying the

11    petition after dismissal of unexhausted claims, in order to permit Petitioner to exhaust those

12    claims and then add them by amendment to his stayed federal petition." *Kelly v. Small,* 315 F.3d.

13    1063, 1070 (2003) (citing to *Calderon v. U.S.D.C.(Taylor)*, 134 F.3d 981 (9th Cir. 1988)

14    (reiterating the district court may at its discretion allow a petitioner to amend a mixed petition by

15    deleting the unexhausted claims and holding the exhausted claims in abeyance until petitioner

16    properly exhausted the unexhausted ones, and then allowing the petitioner to amend the stayed

17    petition to add the now-exhausted claims.)).

18           Mr. Brewer's request that his habeas petition be held in abeyance is not well taken.  His

19    petition is not a "mixed" petition as none of his claims are exhausted, there are no issues pending

20    in the state court, and he is now procedurally barred from raising his issues in the state court.[2]

---

[2] Mr. Brewer also argues that he is not time-barred because he filed his federal habeas petition within the one year period after the Washington Court of Appeals issued its mandate on July 8, 2009.  ECF No. 13, p. 3.  (The mandate was issued on August 3, 2009 (ECF 23, Exh. 13) and Mr. Brewer's federal habeas petition was filed on June 21, 2010.  ECF No. 1.  Mr. Brewer confuses the federal habeas statute of limitations with the state statute of limitations. As noted above, to meet the federal exhaustion requirement, Mr. Brewer would have had to raise his first, second,

REPORT AND RECOMMENDATION - 11

There has also been no showing of actual innocence to excuse the procedural default. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Wood v. Hall*, 130 F.3d 373, 379 (9th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). "To meet this manifest injustice exception, [the petitioner] must demonstrate more than that 'a reasonable doubt exists in the light of the new evidence.'" *Wood*, 130 F.3d at 379 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. The exception is narrow in scope, and is reserved for the extraordinary case. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992)); *see also Moran v. McDaniel*, 80 F.3d 1261, 1271 (9th Cir. 1996). "[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup*, 513 U.S. at 324. "[I]n virtually every case, the allegation of actual innocence has been summarily rejected." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324).

Mr. Brewer claims legal error in his judgment and sentence. He does not contest his factual guilt and presents no evidence showing he is actually innocence of the crimes.

Mr. Brewer did not properly exhaust his federal habeas claims, and the claims are now procedurally barred under independent and adequate state law. The claims are not cognizable in federal court because Mr. Brewer cannot show cause and prejudice, or actual innocence, to excuse his procedural default.

---

fourth and fifth claims in the state courts by August 3, 2010. He did not do so. He could not raise his third claim in state court because that claim had already been raised and rejected on direct appeal. *See In re Taylor,* 105 Wn.2d 683, 688 (1986).

REPORT AND RECOMMENDATION - 12

**CERTIFICATE OF APPEALABILITY**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack v. McDaniel,* 120 S.Ct. 1595, 1604 (2000)

There is nothing in the record to support a conclusion that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Mr. Brewer's habeas claims were unexhausted in state court and he is now barred from collaterally challenging his conviction in state court.

**CONCLUSION**

Mr. Brewer failed to properly exhaust his claims and he is procedurally barred from presenting these claims in state court.   Because the claims are unexhausted and procedurally barred and Mr. Brewer has made no showing of cause and prejudice or actual innocence, the petition should be **Dismissed With Prejudice** and Mr. Brewer's Motion to Stay (ECF No. 2) should be **Denied.**

REPORT AND RECOMMENDATION - 13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 10, 2010**, as noted in the caption.

DATED this  15th  day of November, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 14